10-1996-ag
Huang v. Holder

BIA
Schoppert, IJ
A088 527 724

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29ᵗʰ day of August, two thousand eleven.

PRESENT:
> JOHN M. WALKER, JR.,
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges.*

---

YI MEI HUANG,
> *Petitioner,*

v.                                          10-1996-ag
                                            NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

---

FOR PETITIONER:          Gary J. Yerman, New York, N.Y.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Greg D. Mack, Senior
                         Litigation Counsel; Micheline
                         Hershey, Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yi Mei Huang, a native and citizen of the People's Republic of China, seeks review of an April 28, 2010, order of the BIA affirming the August 13, 2008, decision of Immigration Judge ("IJ") Douglas B. Schoppert, which denied Huang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yi Mei Huang,* No. A088 527 724 (B.I.A. Apr. 28, 2010), *aff'g* No. A088 527 724 (Immig. Ct. N.Y. City Aug. 13, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir. 2008). For asylum applications, such as Huang's, governed by the REAL ID Act, the agency may, considering the totality of the

circumstances, base a credibility finding on an applicant's demeanor, the plausibility of her account, or inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

Contrary to Huang's position, substantial evidence supports the agency's adverse credibility determination. The IJ reasonably relied on a number of bases in finding Huang not credible, including Huang's demeanor. The Court grants "particular deference" in applying the substantial evidence standard to credibility findings based on demeanor. *Dong Gao v. B.I.A.*, 482 F.3d 122, 126-27 (2d Cir. 2007). Such deference is appropriate given that the IJ's ability to observe the witness places him in the best position to evaluate credibility. *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). Here, the IJ noted that "it was [his] impression particularly when testifying on direct examination that [Huang] was testifying not about real life, lived experiences, but from a script." He further observed, "on cross-examination, [Huang] frequently asked that questions be repeated and her demeanor suggested to me that she was seeking to buy time to formulate an answer to the questions." We defer to the IJ's

3

findings here. *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

The IJ also reasonably based his decision on implausibilities in Huang's testimony. In making a finding that an applicant's claim is implausible, an IJ is not required to "explain in precise detail what made each identified act implausible." *Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007) (per curiam). Rather, if "the reasons for [the IJ's] incredulity are evident," the implausibility finding is supported by substantial evidence. *Id.* While "bald" speculation is an impermissible basis for an adverse credibility finding, "[t]he speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience." *Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007). Here, the IJ reasonably found it implausible, given her alleged devout Christian beliefs and participation in church activities, that Huang did not baptize her baby who was born in the United States and did not have a Christian wedding ceremony. Huang's explanations for these seeming implausibilities were not so compelling that a reasonable fact-finder must credit them. *See Majidi*

4

*v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Thus, as the IJ's finding is based on Huang's own contradictory testimony, and is therefore "tethered to record evidence," *Wensheng Yan*, 509 F.3d at 67, the finding is supported by substantial evidence.

The agency also relied on an inconsistency in reaching its adverse credibility determination. As the IJ noted, Huang testified that she worked at a plant in China from September 2004 to January 2006, when she was fired after being detained for her participation in underground church activities. However, Huang had submitted a household registration booklet from 2005 that indicated that she was a student at that time. The IJ reasonably found that this inconsistency undermined Huang's credibility. Huang offered explanations; however, "a petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi*, 430 F.3d at 80 (emphasis in original) (internal citations omitted). Therefore, the agency was not required to credit Huang's explanation for this discrepancy. *See id*. at 80-81.

Finally, Huang claims that the IJ erred in discounting her unauthenticated documents from China. However, this

claim is unavailing, as the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the IJ. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).

Because Huang's claims were all based on the same factual predicate, the agency's adverse credibility determination was a proper basis for the denial of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk